GUERNSEY, Judge.
This action, by writ and complaint, claiming a declaratory judgment to determine, inter alia, that the Mohegan Tribal Gaming Authority has the capacity to enter into both a Relinquishment Agreement *385 dated as of February 7, 1998 and Developmental Services Agreement dated February 7, 1998 on behalf of the Tribe, that said agreements are within the scope of authority granted to the Mohegan Tribal gaming Authority (MTGA) by the Tribe, that the waivers of sovereign immunity of the Tribe and the MTGA contained therein are binding, valid, and enforceable, that the agreements are in proper form and binding, valid and enforceable against the Tribe and the MTGA under Tribal and Federal law without further action by the National Indian Gaming Commission or the Bureau of Indian Affairs or the Secretary of the Interior, and require the Tribe and the MTGA to assert their sovereign immunity in any action brought by any person in any court to challenge the validity of the Relinquish Agreement or the Developmental Services Agreement; came to this court on December 22, 1998 and thence to the present time when the parties appeared and filed a Joint Stipulation for Declaratory Judgment dated December 22, 1998 and a further Joint Stipulation for Declaratory Judgment January 28, 1999, as on file.
The court, having heard the parties and reviewed the agreements, exhibits, and joint stipulations, finds the issues for the Plaintiff.
Whereupon, it is adjudged and decreed as a Declaratory Judgment pursuant Section 45 of the Gaming Disputes Trial Court Rules of Civil Procedures as follows:
(a) This Court has jurisdiction to entertain this action and render declaratory judgment thereon pursuant to the Mohegan Constitution, the Gaming Court Ordinance, and Section 45 of the Trial Court Rules;
(b) The MTGA has the capacity to enter into both the Relinquishment Agreement and Development Services Agreement on behalf of the Tribe;
(c) The subject matter of the Relinquishment Agreement and Development Services Agreement is within the scope of the authority granted to the MTGA by the Tribe;
(d) The waivers of sovereign immunity of the Tribe and the MTGA in the Relinquishment Agreement and Development Services Agreement are binding, valid and enforceable against the Tribe and the MTGA;
(e) The Relinquishment Agreement and Development Services Agreement constitute the law of the Tribe, are in proper form and are binding, the Development Sendees Agreement has been approved by the Secretary of the Interior- pursuant to 25 USC § 81, and that both Agreements are valid and enforceable against the Tribe and the MTGA under Tribal and Federal law, without any further action by the NIGC or the BIA or the Secretary of the Interior;
(f) The Relinquishment Agreement and Development Services Agreement require the Tribe and the MTGA to assert their sovereign immunity in any action brought by any person in any court to challenge the validity of the Relinquishment Agreement or the Development Services Agreement.